IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMANUEL BELLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 C 4119 |
| | ) | |
| P.O. WILLIAM GORMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion for summary judgment. For the reasons stated below, Defendants' motion for summary judgment is granted in part and denied in part.

## BACKGROUND

On June 6, 2013, Plaintiff Emanuel Belling (Belling) was allegedly present in a foreclosed house (House) in Chicago, Illinois. Defendant police officer William Gorman (Gorman) and Defendant police officer Thomas Shannon (Shannon) allegedly arrived at the House after calls of "shots fired" and a report that the shooter had run into the House. The House allegedly appeared to have been abandoned. Gorman and Shannon then allegedly entered the House, and, after finding Belling

1

and narcotics in plain view, they arrested Belling. Defendant police officer Philip Paluch (Paluch) then allegedly arrived at the scene and secured the perimeter of the property surrounding the House. Belling contends that Gorman and Shannon lacked probable cause to enter the House. Belling includes in his complaint unlawful search claims brought pursuant to 42 U.S.C. § 1983 (Section 1983) (Count I), Section 1983 false arrest claims (Count II), and an indemnification claim brought against Defendant City of Chicago (Count III). Defendants now move for summary judgment on all claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in

favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

I. Claims Brought Against Paluch

Defendants argue that the claims brought against Paluch should be dismissed because he was not personally involved in the alleged constitutional deprivations. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017)(stating that "[i]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation")(internal quotations omitted)(quoting *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)). In response to the instant motion, Belling does not dispute that Paluch lacked personal involvement in the search or arrest to subject him to potential liability under Section 1983. (Resp. 5). Therefore, Defendants' motion for summary judgment on the claims brought against Paluch is granted.

II. Section 1983 Unlawful Search Claims (Count I)

Defendants move for summary judgment on the Section 1983 unlawful search claims. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . . ." U.S. Const. amend IV. Belling argues that Gorman and Shannon lacked sufficient justification to enter and search the House.

A. Reasonable Expectation of Privacy

Defendants argue that Belling had no Fourth Amendment right that extended to the House because Belling lacked a reasonable expectation of privacy. The Fourth Amendment specifically references protection in "houses," but that does not mean that all persons present in all houses have Fourth Amendment privacy rights. *See, e.g., United States v. Sweeney*, 821 F.3d 893, 898-99 (7th Cir. 2016)(noting that in prior cases the court "held that warrantless police intrusions into shared spaces in apartment buildings . . . did not violate the Fourth Amendment rights of tenants"). In assessing whether a defendant violated the plaintiff's Fourth Amendment rights, a court can consider "whether the police committed a trespass when conducting the search," and "whether the person challenging the search had a reasonable expectation of privacy in the location that was searched." *Id.* In the instant action, it is undisputed that the House had been owned in 2007 by Irma Dixon (Dixon), that in 2010, a foreclosure action was initiated against Dixon and that on June 27, 2012, the title to the House and property was transferred to Federal National Mortgage Association (Fannie Mae) via a judicial sales deed. (RSF Par. 25-27). It is further undisputed that in August 2012, a demand for immediate possession and notice of intent to file forcible entry and detainer action was served regarding the House and property, and that the notice specified that Fannie Mae owned the property and House, and that an eviction order was entered in the foreclosure action. (RSF Par. 29, 32). Thus, Belling was found in the House which he did not own. It is undisputed that he never owned the House. (RSF Par. 35). It is further undisputed

that he lacked the permission of the owner to be present in the House and the occupants of the House had been notified that Fannie Mae owned the House. Belling claims that he was paying rent to someone, but the undisputed facts show that notice of the eviction was served in accordance with state law on Belling. (RSF Par. 30-31). Belling has not pointed to any evidence that would indicate that he was unaware of the foreclosure proceedings or the eviction order. The Seventh Circuit has made clear that such a person squatting in a foreclosed residence after the entry of an eviction order and notice has no reasonable expectation of privacy in the residence. *United States v. Curlin*, 638 F.3d 562, 565 (7th Cir. 2011)(stating "[l]ike a burglar plying his trade in a summer cabin during the off season, [the defendant's] presence was wrongful, and consequently any subjective expectation of privacy he may have had is not one that society is prepared to recognize as reasonable")(internal quotations omitted)(quoting *Rakas v. Illinois*, 439 U.S. 128, 143-44, n. 12 (1978)). Belling had no reasonable expectation of privacy in such a location when he wrongfully remained in the House. Whether or not Belling was paying rent or not is not dispositive. Even if Belling, knowing of the eviction order, was given permission from someone without authority over the House to wrongfully reside there in exchange for rent, that would not provide Belling with a reasonable expectation of privacy in the House. *See Curlin*, 638 F.3d at 566 (stating that "given that [the defendant] had notice that his continued occupancy had been adjudged to be unlawful, [the Court had] no difficulty concluding that he lacked any objectively

5

reasonable expectation of privacy in the premises"). Thus, the entry into the House by Gorman and Shannon did not violate Belling's Fourth Amendment rights.

### B. Abandoned Property

Defendants argue that entry into the House by Gorman and Shannon was reasonable because the House appeared to be abandoned. It is well established that "reasonableness is the touchstone of the Fourth Amendment. . . ." *Medlock v. Trustees of Indiana Univ.*, 738 F.3d 867, 873 (7th Cir. 2013)(citing *Kentucky v. King*, 131 S.Ct. 1849, 1856 (2011)). The reasonableness of a search is determined under an objective standard and "is judged from the perspective of the officer at the time of the search, not with the benefit of 20/20 hindsight." *Johnson v. Manitowoc Cty.*, 635 F.3d 331, 335 (7th Cir. 2011).

In the instant action, the undisputed facts show that the front door to the House was unlocked. Gorman and Shannon indicated that the House appeared to be abandoned. (RSF Par. 12). Although Belling indicated at his deposition that he thought the front door was locked, he admits that Gorman and Shannon were able to open the door and enter the House. (RSF Par. 19-23). Belling also admits that Gorman and Shannon knocked on the door and announced their presence before entering. (RSF Par. 22). Belling points to no evidence that would indicate that Gorman or Shannon took steps to force open the door or circumvent a lock. Although Belling argues that there were indications that the House was occupied, it is undisputed that from the front door Gorman and Shannon were able to view the

kitchen which lacked any furniture, or rugs, or photos on the walls. (RSF Par. 13-15, 20); (SAF Par. 18-22). It is further undisputed that the House was covered in dog feces and that the walls were covered in mold. (RSF Par. 17-18). The undisputed facts show that Gorman and Shannon were reasonably justified in their belief that the House was an abandoned property and that even if there was an individual found seeking shelter in the House, such individual was not an authorized occupant. Even if the House was not actually abandoned and Belling resided there, from an objective viewpoint based on the facts presented to the officers at the time of the search, the undisputed facts show that the search was reasonable and Belling's Fourth Amendment rights were not violated.

### C. Exigent Circumstances

Defendants argue that there were exigent circumstances that justified a warrantless search. Under the doctrine of exigent circumstances, an officer may execute a warrantless search "when there is a compelling need for official action and no time to secure a warrant . . . ." *Hawkins v. Mitchell*, 756 F.3d 983, 992 (7th Cir. 2014). In the instant action, it is undisputed that Gorman and Shannon received multiple calls of "shots fired" and an update reporting that the offender had run into the House. (RSF Par. 7-10). It is further undisputed that Gorman and Shannon arrived at the House within two minutes. (RSF Par. 11). Under such circumstances, it was justified for Gorman and Shannon to take initial steps to search the House to make sure that there was not an armed gunman in the House. Thus, there were

7

exigent circumstances that justified the search and Belling's Fourth Amendment rights were not violated. Although the court may not resolve disputed facts for the purposes of adjudicating the instant motion, the court also notes that Defendants contend that both narcotics and a gun magazine were observed in plain view in the House. Finally, even if there was sufficient evidence to support a Fourth Amendment claim, Defendants have pointed to sufficient evidence that would indicate that they would be relieved of liability based on qualified immunity. *See, e.g., Allin v. City of Springfield*, 845 F.3d 858, 862 (7th Cir. 2017)(explaining analysis for doctrine of qualified immunity). Based on the above, Defendants' motion for summary judgment on the Section 1983 unlawful search claims is granted.

II. Section 1983 False Arrest Claims (Count II)

Defendants move for summary judgment on the false arrest claims, arguing that Gorman and Shannon had probable cause for the arrest. An officer can lawfully arrest an individual without violating the "Fourth Amendment so long as it is made based on probable cause," which "means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *United States v. Hill*, 818 F.3d 289, 294 (7th Cir. 2016)(internal quotations omitted)(quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)); *United States v. Gary*, 790 F.3d 704, 706 (7th Cir. 2015)(stating

8

that "the arresting officer's subjective justification is irrelevant as long as there was objective probable cause for the arrest"). Gorman and Shannon claim that they found narcotics in plain view in the House. In response, Belling disputes that narcotics were in plain view. In light of the disputed material facts, Defendants acknowledge in their reply that they cannot prevail on summary judgment on the false arrest claim. (Reply 6). Therefore, Defendants' motion for summary judgment on the false arrest claims is denied.

III. Indemnification Claim (Count III)

Defendants argue that there cannot be an indemnification claim in light of the fact that there are no viable claims against the individual defendants. However, in light of the disputed facts relating to the false arrest claims, Defendants acknowledge in their reply that the indemnification claim must remain as well. (Reply 7). Therefore, Defendants' motion for summary judgment on the indemnification claim is denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion for summary judgment on claims brought against Paluch, and the unlawful search claims is granted. Defendants' motion for summary judgment on the false arrest claims and the indemnification claim is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   June 28, 2017